Michael J. McCue (NV Bar No. 6055)
Jonathan W. Fountain (NV Bar No. 10351)
Nikkya G. Williams (NV Bar No. 11484)
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8298

Attorneys for Defendant
Christopher J. Malley d/b/a EMTCity.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>EMTCity.com, an entity of unknown origin and nature; and Christopher J. Malley, an individual,<br><br>Defendants. | Case No. 2:10-cv-00854-HDM-PAL<br><br>**REPLY IN SUPPORT OF DEFENDANT'S RENEWED MOTION TO DISMISS** |

Defendant Christopher J. Malley d/b/a EMTCity.com ("Mr. Malley") hereby submits his reply in support of his renewed motion to dismiss this case for lack of personal jurisdiction, as follows.

### PRELIMINARY STATEMENT

When the Complaint was filed Righthaven failed to allege sufficient facts to demonstrate a *plausible* case under *Iqbal* for the exercise of personal jurisdiction over Mr. Malley. In fact, virtually all of the Complaint's material allegations are conclusory, and fact-devoid, including Righthaven's allegation that Mr. Malley "willfully" infringed Righthaven's copyrights. There are simply no facts demonstrating willfulness. Mr. Malley moved to dismiss the Complaint because of Righthaven's failure to support its claims, including its jurisdictional claims, with factual allegations.

Righthaven argued in its opposition to Mr. Malley's motion to dismiss that the Court has specific personal jurisdiction over Mr. Malley under the *Columbia Pictures* case. As the argument

goes, because the Complaint contains a conclusory allegation that Mr. Malley "willfully" infringed Righthaven's copyrights, the Court automatically has personal jurisdiction because, Righthaven claims, the *Calder* effects test is satisfied. Righthaven makes this pitch despite the fact that it has never supported it allegation of "willful" infringement with sufficient facts to make out a *plausible* case for personal jurisdiction under *Iqbal*. Righthaven implicitly conceded as much in its opposition brief when it begged the Court for leave to conduct jurisdictional discovery. The Court granted Righthaven's request and allowed Righthaven 45 days to conduct jurisdictional discovery. However, Righthaven failed to conduct any jurisdictional discovery at all.

Now, Righthaven tries to deflect attention from its failure to prosecute this case by mischaracterizing the Court's October 20, 2010 ruling, claiming that it was Mr. Malley who should have conducted jurisdictional discovery -- not Righthaven. But that argument is illogical and ignores the language of the Court's ruling. It is illogical because it is Righthaven, the plaintiff, who bears the burden of establishing a plausible, *prima facie*, case for the Court's exercise of personal jurisdiction, not Mr. Malley, the defendant. And it ignores the language of the Court's ruling, because during the October 20, 2010 hearing, the Court specifically stated that it was granting Righthaven the opportunity to conduct jurisdictional discovery.

Thus, jurisdictional discovery has come and gone yet Righthaven has failed to uncover facts to support its empty jurisdictional allegations -- especially its empty allegation that Mr. Malley "willfully" infringed Righthaven's copyrights. Righthaven's conclusory allegations remain conclusory and cannot be afforded the presumption of truth. In addition, Mr. Malley refuted several, if not all, of Righthaven's allegations by submitting sworn testimony. (*See* Docket No. 8-1, Decl. of Christopher J. Malley, 7/12/2010; Docket No. 11-1, Supp. Decl. of Christopher J. Malley, 8/1//2010.) Righthaven did not counter Mr. Malley's sworn testimony with sworn testimony of its own.[1] Thus, because many, if not all, of Righthaven's allegations are either

---

[1] The best Righthaven was able to do was submit a misleading declaration from its counsel which tried to show that the EMTCity.com website advertises Nevada jobs. (*See* Docket No. 10, Decl. of Joseph C. Chu.) However, as Mr. Malley pointed out in his supplemental declaration, the website redirects the user to an unaffiliated job search site and only displays Nevada jobs after the user (in this case Righthaven's counsel) types "NEVADA" into a field and clicks on the search button. (*See* Docket No. 11-1, Supp. Decl. of Christopher J. Malley.)

conclusory or stand controverted and unrebutted by Righthaven, those allegations cannot be afforded the presumption of truth. Righthaven has failed to allege a plausible, *prima facie*, case for the Court's exercise of specific personal jurisdiction over Mr. Malley.

In addition, it is now crystal clear (if it was not before) that Righthaven cannot rely on *Columbia Pictures* to establish specific personal jurisdiction in this case. The *Columbia Pictures* court relied upon the defendants' entry into several license agreements with the plaintiff, who was a resident of the forum, when it concluded that the "purposeful availment" element of the specific personal jurisdiction test was satisfied. The *Columbia Pictures* court also relied upon the district court's factual finding that willful infringement occurred when it analyzed the elements of the *Calder* effects test. This case is very different. Here, Mr. Malley has not entered into license agreements or any other contracts with anyone in Nevada. Indeed, Mr. Malley has had no contacts with Nevada whatsoever. (*See* Docket No. 8-1, Decl. of Christopher J. Malley, 7/12/2010; Docket No. 11-1, Supp. Decl. of Christopher J. Malley, 8/1//2010.) And here, unlike *Columbia Pictures*, the Court is tasked with reviewing Righthaven's conclusory <u>allegations</u> of allegedly "willful" infringement (which cannot be afforded the presumption of truth) as opposed to a lower court's <u>finding</u> that willful infringement had in fact occurred.

## ARGUMENT

### I. THE COURT SHOULD DISMISS THIS CASE BECAUSE RIGHTHAVEN FAILED TO CONDUCT JURISDICTIONAL DISCOVERY AND HAS FAILED TO OBTAIN FACTS TO SUPPORT ITS EMPTY JURISDICTIONAL ALLEGATIONS.

Righthaven claims that Mr. Malley is at fault for failing to engage in jurisdictional discovery. (*See, e.g.*, No. 25, Pltf.'s Opp. to Defts.' Renewed Mot. to Dismiss at 7, ll. 21-24) ("While Defendants were provided with an opportunity to develop some of the novel theories advanced during the October 20th Hearing via a 45-day jurisdictional discovery period granted by the Court, they did not do so."). However, it is Righthaven, the plaintiff, not Mr. Malley, the defendant, who bears the burden of establishing a *prima facie* case for the Court's exercise of personal jurisdiction. *See Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986) ("plaintiff bears the burden of showing that the court has jurisdiction"). And it is Righthaven, not Mr. Malley, who requested jurisdictional discovery so that it could uncover facts

to support the Complaint's <u>factually unsupported</u> jurisdictional allegations. In its opposition to Mr. Malley's initial motion to dismiss, Righthaven argued the following:

> Alternatively, should there remain any uncertainty as to the Defendants' willfulness, this arises to a factual determination and thus warrants reasonable jurisdictional discovery . . . The pertinent jurisdictional facts which should be subject to discovery include, without limitation: the nature and extent of the Defendants' contacts with Nevada, the number of third-party posts removed by the Defendants pursuant to the Defendants takedown policy, the number of copyright infringement notices received by the Defendants, the identity of the Website user identified by the Website as "Dust Devil," and Dust Devil's association and/or relationship with the Defendants. <u>Thus, if this Court chooses to entertain the Defendants' jurisdictional argument, then jurisdictional discovery is the appropriate and necessary mechanism to resolve the disputed jurisdictional facts</u>.

(*See* Docket No. 9, Pltf.'s Opp. to Defs.' Mot. to Dismiss at 22:16-23:3.) (Emphasis added.) Given the absence of jurisdictional facts in its Complaint, Righthaven <u>begged</u> the Court for jurisdictional discovery. In contrast, Mr. Malley certainly did not request jurisdictional discovery and consistently argued that jurisdictional discovery would be futile. (*See* Docket No. 11, Deft.'s Reply in Suppt. of its Mot. to Dismiss at 13:3-15:15.)

On October 20, 2010, the Court heard oral argument on Mr. Malley's motion. The Court concluded the October 20, 2010 hearing by stating the following:

> For the reasons set forth, the Motion to Dismiss is denied. It's denied without prejudice, however. The Court is going to grant a period of 45 days from today's date within which the parties can engage in limited discovery, limited to the questions that have been raised here with respect to the standing issue, and with respect to specific jurisdiction.
>
> I'm not going to permit general discovery beyond that. I think there's enough of an issue here. I think you've met the pleading requirement, <u>but I think there's enough of an issue here to have those issues addressed more fully after you've had an opportunity for discovery, specifically on the issue of specific jurisdiction</u>.

(*See* Docket No. 26-1, 10/20/2010 Hearing Trans. at 35, ll. 3-14.) (Emphasis added.) The Court's reference to "after you've had an opportunity for discovery" is obviously a reference to Righthaven. Even so, Righthaven conveniently omits this portion of the hearing transcript from its brief opposing Mr. Malley's renewed motion to dismiss. Righthaven's argument, that when the Court granted its request for jurisdictional discovery, it did so to afford <u>Mr. Malley</u> an opportunity to engage in jurisdictional discovery, is, in addition to being illogical, unsupported by the record.

It is a red herring designed to distract the Court from the fact that Righthaven brought a frivolous action in Nevada against a New Hampshire resident without any evidence that Mr. Malley had any connection with Nevada sufficient to warrant the Court's exercise of personal jurisdiction.

Thus, jurisdictional discovery has come and gone yet Righthaven has failed to uncover facts to support its empty jurisdictional allegations -- especially its empty allegation that Mr. Malley "willfully" infringed Righthaven's copyrights. Righthaven's conclusory allegations remain conclusory and cannot be afforded the presumption of truth. Mr. Malley refuted several, if not all, of Righthaven's allegations by submitting sworn testimony. (*See* Docket No. 8-1, Decl. of Christopher J. Malley, 7/12/2010; Docket No. 11-1, Supp. Decl. of Christopher J. Malley, 8/1//2010.) However, Righthaven did not counter Mr. Malley's sworn testimony with sworn testimony of its own.[2] Because many, if not all, of Righthaven's allegations are either conclusory or stand controverted and unrebutted by Righthaven, those allegations cannot be afforded the presumption of truth. Righthaven has failed to allege a plausible, *prima facie*, case for the Court's exercise of specific personal jurisdiction over Mr. Malley.

II. **THE COURT SHOULD DISMISS THIS CASE BECAUSE *COLUMBIA PICTURES* DOES NOT SUPPORT THE EXERCISE OF PERSONAL JURISDICTION.**

If it was not clear before it is now crystal clear that Righthaven cannot rely on *Columbia Pictures* to establish specific personal jurisdiction in this case. This is because the *Columbia Pictures* decision involved the post-summary-judgment review of a district court's <u>finding</u> that willful infringement had occurred (as opposed to the review of an <u>allegation</u> of willful copyright infringement in connection with a motion to dismiss) and because the jurisdictional holding in *Columbia Pictures* was based upon the defendants' other, contract-related, forum contacts, and not solely upon the district court's finding that willful copyright infringement had occurred. These distinctions are critical. They were recognized by the United States District Court for the Eastern District of Kentucky, which, in reviewing a motion to dismiss for lack of personal jurisdiction in a patent infringement case between Lexmark and Laserland, offered the following analysis:

---

[2]   *See* Note 1, *supra*.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

571246.1

>Lexmark asserts that Laserland's willful infringement is alone a sufficient contact with Kentucky for the Court to exercise personal jurisdiction.  Plaintiff cites to *Columbia Pictures Television v. Crypton Brod. of Birmingham, Inc.*, 106 F.3d 284 (9th Cir. 1997) (*rev'd on other grounds, Feltner v. Columbia Pictures Television, Inc.*, 522 U.S. 993, 139 L. Ed. 2d 398, 118 S. Ct. 556 (1998)), in which the Ninth Circuit found that the willful infringement of a copyright alone is sufficient to satisfy the purposeful availment prong.  The Court found that the defendant "willfully infringed copyrights owned by [plaintiff], which, as [defendant] knew, had its principal place of business in the [forum state].  This fact alone is sufficient to satisfy the 'purposeful availment' requirement." *Columbia Pictures* at 289.  <u>Although Lexmark correctly quotes this case, the Court declines to find jurisdiction based solely on Defendant's alleged patent infringement.  Plaintiff sets forth no evidence regarding Defendant's willfulness.  Further, even in the *Columbia Pictures* case, the court did not actually base its finding of personal jurisdiction solely on the willful copyright infringement argument. The Court in *Columbia Pictures* found that the defendant had numerous contract-related contacts with the forum state sufficient to satisfy the purposeful availment requirement</u>.

*Lexmark Int'l, Inc. v. Laserland, Inc.*, 304 F. Supp. 2d 913, 918-19 (E.D. Ky. 2004).

A review of the *Columbia Pictures* decision illustrates the point.  In *Columbia Pictures*, the district court found that the primary defendant, Feltner, had engaged in willful copyright infringement by continuing to broadcast televisions shows after his licenses to broadcast the shows had expired. *Columbia Pictures*, 106 F.3d at 288-89.  The district court granted summary judgment in favor of Columbia Pictures. *Id*.  Feltner appealed and argued that venue was improper in the Central District of California.  The Ninth Circuit stated the following:

>Columbia alleged, <u>and the district court</u> <u>found</u>, that Feltner willfully infringed copyrights owned by Columbia, which, as Feltner knew, had its principal place of business in the Central District. This fact alone is sufficient to satisfy the "purposeful availment" requirement.
>
><u>Additionally, Columbia relies on Feltner's wide-ranging contract-related contacts with Columbia in the Central District</u>.  Feltner argues that these contacts cannot support venue because they all arise out of the license agreements which, according to Feltner, are unenforceable because they were never signed by Columbia.  This argument fails both because Feltner did not raise this argument in the district court and because whether or not the agreements are enforceable as a matter of contract law, Feltner's contacts with the Central District remain the same.  <u>Feltner's contract-related contacts are sufficient to satisfy the "purposeful availment" requirement</u>.

*Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997).  (Internal citation omitted.)  (Emphasis added.)

*Columbia Pictures* does not support Righthaven's position.  In *Columbia Pictures*, the

-6-

district court made a factual finding that Feltner had engaged in "willful" copyright infringement. This case is different due to the absence of facts supporting Righthaven's allegations of willful copyright infringement. In this case, Righthaven alleges that:

- The Defendants willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada;
- EMT has willfully engaged in the copyright infringement of the Work; [and]
- Mr. Malley has willfully engaged in the copyright infringement of the Work.

(Compl. ¶¶ 14, 45-46.) These allegations are entirely conclusory and devoid of factual support. "Willful" means acting "with knowledge that [one's] conduct constitutes copyright infringement." *Columbia Pictures*, 106 F.3d at 293. Righthaven has not alleged a single fact to support its claim that Mr. Malley and EMTCity.com (who are one and the same) posted the article at issue on the EMTCity.com website with knowledge that doing so constituted copyright infringement. In addition, Mr. Malley has specifically denied this allegation in a sworn declaration, pointing to the fact that the article was posted by a third party, Dust Devil. (*See* Docket No. 8-1, Decl. of Christopher J. Malley in Suppt. of Defts.' Mot. to Dismiss at ¶ 5) ("I deny that I engaged in any willful or intentional copyright infringement. I also deny that I purposefully direct[ed] or expressly target[ed] any activity at Nevada Residents. 'Dust Devil' is a third party known to me and believed to be a resident of Texas. Dust Devil posted the article mentioned in the Complaint to the discussion forum section of my EMTCity.com website. Dust Devil did so without my authorization or consent.").)

Because Mr. Malley has denied this allegation, it is controverted and cannot be taken as true. *See Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. Cal. 2003) ("Unless directly contravened, Mattel's version of the facts is taken as true, and conflicts between the facts contained in declarations submitted by the two sides must be resolved in Mattel's favor for purposes of deciding whether a *prima facie* case for personal jurisdiction exists"). In addition, there is no conflict between competing declarations for the Court to resolve in Righthaven's favor because Righthaven has not submitted a declaration to counter Mr. Malley's denial. Thus, Mr. Malley's denial stands unrebutted. Moreover, in this case, Mr. Malley has not engaged in any

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

571246.1

contractual negotiations with any party located in the forum like Feltner had done in *Columbia Pictures*. The additional contract-based forum contacts present in *Columbia Pictures* do not exist in this case. *Columbia Pictures* is procedurally and factually distinguishable. It is not on all fours with this case and the Court need not follow it here.

## CONCLUSION

Righthaven's position -- that a factually unsupported allegation of willful copyright infringement is, by itself, sufficient for the Court to require a New Hampshire resident to defend a lawsuit in Nevada -- turns constitutional due process protections on their head. This is especially so where, as here, Righthaven brought this action without any facts supporting its jurisdictional allegations, begged the Court for jurisdictional discovery, was given the opportunity to conduct jurisdictional discovery, yet failed to do so and has since failed to support its empty jurisdictional allegations with jurisdictional facts. Mr. Malley is a working man. He can hardly afford the cost of cross-country federal litigation over a frivolous copyright claim. This Court should provide him with the constitutional protection he deserves.

Dated: this 20th day of January, 2011.

Respectfully submitted,

LEWIS AND ROCA LLP

By: _____s/Jonathan W. Fountain_____
Michael J. McCue (NV Bar No. 6055)
Jonathan W. Fountain (NV Bar No. 10351)
Nikkya G. Williams (NV Bar No. 11484)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
(702) 949-8200 (Tel.)
(702) 949-8398 (Fax)

Attorneys for Defendant
Christopher J. Malley d/b/a EMTCity.com

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of Lewis and Roca LLP and that on this 20th day of January, 2011, I caused documents entitled:

- REPLY IN SUPPORT OF DEFENDANT'S RENEWED MOTION TO DISMISS,

to be served as follows:

[  ] by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Steven A. Gibson, Esq., Righthaven, LLC, 9960 West Cheyenne Avenue, Suite 210, Las Vegas, Nevada, 89129-7701, upon which first class postage was fully prepaid; and/or

[  ] Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[  ] to be hand-delivered;

[ X ] by the Court's CM/ECF system.

                                                s/Jonathan W. Fountain
                                        An employee of Lewis and Roca LLP